FILED
CLERK, U.S. DISTRICT COURT

MAY 1 5 2008

CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION          BY DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WAYNE SCOTT STEWART,

               Petitioner,

     v.

W. J. SULLIVAN, WARDEN,

               Respondent.

)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. CV 08-2992-PSG (OP)

ORDER TO SHOW CAUSE RE:
DISMISSAL OF PETITION FOR
WRIT OF HABEAS CORPUS BY A
PERSON IN STATE CUSTODY
(28 U.S.C. § 2254) AS UNTIMELY

## I.

## INTRODUCTION

On February 14, 2008, Wayne Scott Stewart ("Petitioner"), constructively filed a Petition for Writ of Habeas Corpus by a Person in State custody pursuant to 28 U.S.C. § 2254 in the United States District Court for the Southern District of California.[1] On May 1, 2008, an order was issued transferring the matter to

---

[1] The prison mailbox rule holds that a habeas petitioner's state and federal filings are constructively filed when turned over to prison officials for forwarding to the Clerk of the Court. See, e.g., Smith v. Duncan, 297 F.3d 809, 814 (9th Cir. 2002); Huizar v. Carey, 273 F.3d 1220, 1223 (9th Cir. 2001). The Court has utilized the signature date on the current Petition as the relevant filing

1   this District.  On May 7, 2008, the Petition was filed in this District.

2           Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the

3   United States District Courts, the Court has examined the current Petition and

4   finds that it plainly appears from its face that Petitioner is not entitled to relief in

5   the district court.  Specifically, the Court finds that the Petition is subject to

6   summary dismissal because the information provided indicates that the Petition is

7   untimely.

8                                          **II.**

9                          **PROCEDURAL HISTORY**

10          According to the Petition, Petitioner pleaded guilty in the Los Angeles

11  County Superior Court, case no. MA027315, to aggravated battery on a non-

12  confined person by a prisoner.  (Pet. at 2.)  On February 13, 2004, Petitioner was

13  sentenced to a total state prison term of four years.  (Id.)

14          The Petition is silent as to whether Petitioner appealed the judgment of

15  conviction to the California Court of Appeal or whether he filed a petition for

16  review in the California Supreme Court.  (Id. at 2, 3.)  The Court's independent

17  review of the California State Courts' website does not reveal the filing of a

18  direct appeal or a petition for review by Petitioner.  (Official Records of

19  California Courts.[2])

20          On November 1, 2007, Petitioner filed a habeas corpus petition in the

21  California Court of Appeal which was denied on November 6, 2007.  (Id. at 4;

22  Official Records of California Courts.)  On December 3, 2007, Petitioner filed a

23  _____

24  date since the signature date is the earliest date on which Petitioner could have

25  turned the Petition over to the prison authorities for mailing.

26          [2] The Court takes judicial notice of the state appellate court records for
    Petitioner's cases, which are available on the Internet at http://appellatecases.
27  courtinfo.ca.gov.  See Smith, 297 F.3d at 815 (federal courts may take judicial
    notice of relevant state court records in federal habeas proceedings).
28

                                          2

1  habeas corpus petition in the California Supreme Court which was denied on
2  January 3, 2008.  (Id.; Official Records of California Courts.)  On February 14,
3  2008, Petitioner constructively filed the current Petition.

4  　　　For the reasons discussed below, Petitioner is ordered to show cause why
5  the current Petition should not be dismissed with prejudice as untimely.

6  **III.**

7  **DISCUSSION**

8  **A.**   **Standard of Review.**

9  　　　This Court may entertain a habeas application on behalf of a person who is
10  in custody pursuant to a state court judgment and in violation of the Constitution,
11  laws, or treaties of the United States.  See 28 U.S.C. § 2254(a).  The Court need
12  neither grant the writ nor order a return if it appears from the application that the
13  applicant is not entitled to relief.  See 28 U.S.C. § 2243.  "If it plainly appears
14  from the face of the petition and any exhibits annexed to it that the petitioner is
15  not entitled to relief in the district court, the judge must dismiss the petition and
16  direct the clerk to notify the petitioner."  Rule 4 of the Rules Governing Section
17  2254 Cases in United States District Courts, 28 U.S.C. foll. § 2254; see also
18  Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990) (summary dismissal is
19  appropriate where the allegations in the petition are vague or conclusory,
20  palpably incredible, or patently frivolous or false).  Further, the Court has the
21  authority to raise the statute of limitations issue *sua sponte* and to dismiss the
22  petition on those grounds.  Herbst v. Cook, 260 F.3d 1039, 1043 (9th Cir. 2001).
23  However, that authority should only be exercised after a petitioner is provided
24  with adequate notice and an opportunity to respond.  Id.

25  **B.**   **The Petition Was Not Filed Within the Limitation Period.**

26  　　　The current Petition was filed after the Antiterrorism and Effective Death
27  Penalty Act of 1996 ("AEDPA") was signed into law and is, thus, subject to the
28  AEDPA's one-year statute of limitations period, as set forth under 28 U.S.C. §

1  2244(d).  See Calderon v. U. S. Dist. Court (Beeler), 128 F.3d 1283, 1286 (9th

2  Cir. 1997).[3]  In most cases, the limitation period begins to run from "the date on

3  which the judgment became final by conclusion of direct review or the expiration

4  of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

5        As discussed above, on February 13, 2004, Petitioner was sentenced after a

6  guilty plea to aggravated battery.  (Pet. at 2.)  Since Petitioner did not file a direct

7  appeal, his conviction became final sixty days later, on April 13, 2004.  See Cal.

8  R. Ct. 8.308(a) (formerly Cal. R. Ct. 30.1(a));[4] Caspari v. Bohlen, 510 U.S. 383,

9  390, 114 S. Ct. 948, 127 L. Ed. 2d 236 (1994) ("[a] state conviction and sentence

10  become final for purposes of retroactivity analysis when the availability of direct

11  appeal to the state courts has been exhausted and the time for filing a petition for

12  a writ of certiorari has elapsed or a timely filed petition has been finally denied.")

13  The AEDPA's one-year statute of limitations period expired on April 13, 2005.

14  28 U.S.C. § 2244(d)(1)(A); see also Patterson v. Stewart, 251 F.3d 1243, 1245-

15  47 (9th Cir. 2001) (the statute of limitations begins to run on the day following

16  the day of the triggering event pursuant to Fed. R. Civ. P. 6(a)).  Petitioner did

17  not constructively file the current Petition until February 14, 2008, nearly three

18  years beyond the expiration of the limitation period.  Thus, unless Petitioner is

19  entitled to statutory or equitable tolling or an alternate start date to the AEDPA's

20  limitations period under 28 U.S.C. § 2244(d)(1), it appears that the current

21  Petition is untimely.

22  / / /

23

24        [3] Beeler was overruled on other grounds in Calderon v. U. S. Dist. Court
25  (Kelly), 163 F.3d 530, 540 (9th Cir. 1998) (en banc).

26        [4] Former California Rules of Court 30.1(a), renumbered as Rule 8.308,
27  effective January 1, 2007, provides that, except in certain limited circumstances
   not relevant here, "a notice of appeal must be filed within 60 days after the
28  rendition of the judgment or the making of the order being appealed."

1   **C.    Statutory Tolling of the Limitation Period Pursuant to 28 U.S.C. §**
2   **2244(d)(2)**

3       Title 28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a
4   properly filed application for State post-conviction or other collateral review with
5   respect to the pertinent judgment or claim is pending shall not be counted toward
6   any period of limitation under this subsection." Patterson, 251 F.3d at 1247.

7       The United States Supreme Court has held the statute of limitations is
8   tolled where a petitioner is properly pursuing post-conviction relief. Carey v.
9   Saffold, 536 U.S. 214, 219-21, 122 S. Ct. 2134, 2137-39, 153 L. Ed. 2d 260
10  (2002). The period tolled includes the intervals between one state court's
11  disposition of a habeas petition and the filing of a habeas petition at the next
12  level of the state court system. Id. In Nino v. Galaza, 183 F.3d 1003, 1006 (9th
13  Cir. 1999), the Ninth Circuit held that "the statute of limitations is tolled from the
14  time the first state habeas petition is filed until the California Supreme Court
15  rejects the petitioner's final collateral challenge." Claims denied as untimely or
16  determined by the federal courts to have been untimely in state court will not
17  satisfy the requirements for statutory tolling. Evans v. Chavis, 546 U.S. 189,
18  192-93, 126 S. Ct. 846, 163 L. Ed. 2d 684 (2006) (citing Carey, 536 U.S. at 222-
19  23).[5]

20

21       [5] The Court in Evans held that a California Supreme Court order silent on
22  the grounds for the court's decision is not equivalent to a holding that the filing
    was timely. Evans, 546 U.S. at 197-98. Thus, in the absence of clear direction or
23  explanation from the California Supreme Court about the meaning of the term
24  "reasonable time" (in which to file a habeas petition), or clear indication that a
    particular request for appellate review was timely or untimely, the federal court
25  must itself examine the delay in each case and determine what the state courts
26  would have held with respect to timeliness. Id. at 198. That is, "the federal court
27  must decide whether the filing of the request for state-court appellate review (in
    state collateral review proceedings) was made within what California would
28  consider a 'reasonable time.'" Id.

1        As set forth above, Petitioner's conviction became final on April 13, 2004,

2  and the limitation period ended April 13, 2005. Statutory tolling is unavailable

3  where, as here, Petitioner's first state habeas petition in the California Court of

4  Appeal was not filed until November 1, 2007, over two and one half years after

5  the expiration of the AEDPA limitations period. (Pet. at 4; Official Records of

6  California Courts.) Section 2244(d) does not permit the reinitiation of the

7  AEDPA limitations period that has ended before a state habeas petition is filed.

8  <u>Ferguson v. Palmateer</u>, 321 F.3d 820, 823 (9th Cir. 2003) (holding that § 2244(d)

9  "does not permit the reinitiation of the limitations period that has ended before

10  the state petition was filed," even if the state petition was timely filed); <u>see also</u>

11  <u>Jiminez v. Rice</u>, 276 F.3d 478, 482 (9th Cir. 2001); <u>Wixom v. Washington</u>, 264

12  F.3d 894, 898-99 (9th Cir. 2001). For the same reason, Petitioner is not entitled

13  to statutory tolling for the habeas petition he filed in the California Supreme

14  Court on December 3, 2007. Since Petitioner filed his state habeas petitions well

15  after the AEDPA limitations expired, he may not avail himself of statutory tolling

16  to render the current Petition timely. Thus, absent equitable tolling or an

17  alternate start date for the statute of limitations, it appears that the current

18  Petition is untimely.

19  **D.**    **<u>Equitable Tolling</u>**

20        The one-year limitation period is subject to equitable tolling if a petitioner

21  demonstrates: "(1) that he has been pursuing his rights diligently, and (2) that

22  some extraordinary circumstance stood in his way." <u>Pace</u>, 544 U.S. at 418.[6] A

23

24  ————————————

25      [6] The Supreme Court in <u>Pace</u> noted that it has "never squarely addressed the question whether equitable tolling is applicable to AEDPA's statute of

26  limitations." <u>Pace</u>, 544 U.S. at 418 n.8. The Supreme Court declined to consider the issue in that case and assumed for the sake of argument that it did, because

27  the respondent assumed as much, and the petitioner was not entitled to tolling

28  under any standard. <u>Id.</u>

1  petitioner bears the burden of alleging facts that would give rise to tolling.  Id.

2  "[T]he threshold necessary to trigger equitable tolling under [the] AEDPA is very

3  high, lest the exceptions swallow the rule."  Miranda v. Castro, 292 F.3d 1063,

4  1066 (9th Cir. 2002) (internal quotation marks and citation omitted).  This high

5  bar is necessary to effectuate the "AEDPA's statutory purpose of encouraging

6  prompt filings in federal court in order to protect the federal system from being

7  forced to hear stale claims."  Guillory v. Roe, 329 F.3d 1015, 1018 (9th Cir.

8  2003) (internal quotation marks and citation omitted).  Equitable tolling

9  determinations are "highly fact-dependent."  Whalem/Hunt v. Early, 233 F.3d

10  1146, 1148 (9th Cir. 2000) (en banc) (per curiam); accord Lott v. Mueller, 304

11  F.3d 918, 923 (9th Cir. 2002) (observing that equitable tolling determinations

12  "turn[ ] on an examination of detailed facts").  The face of the Petition does not

13  set forth any facts showing that Petitioner is entitled to equitable tolling.  Thus,

14  as set forth above, it appears that the current Petition is untimely.

15  **E.**    **Alternate Start of the Statute of Limitations**

16        **1.    State-Created Impediment.**

17        In rare instances, AEDPA provides that its one-year limitations period

18  shall run from "the date on which the impediment of filing an application created

19  by State action in violation of the Constitution or laws of the United States is

20  removed, if the applicant was prevented from filing by such State action."  28

21  U.S.C. § 2244(d)(1)(B).  Asserting that the statute of limitations was delayed by a

22  state-created impediment requires a showing of a due process violation.  Lott,

23  304 F.3d at 925.  The face of the Petition does not set forth any facts showing

24  that Petitioner is entitled to relief under this provision.

25        **2.    Newly Recognized Constitutional Right.**

26        The AEDPA also provides that, if a claim is based upon a constitutional

27  right that is newly recognized and applied retroactively to habeas cases by the

28  United States Supreme Court, the one-year limitations period begins to run on the

1    date which the new right was initially recognized by the United States Supreme

2    Court. 28 U.S.C. § 2244(d)(1)(C). The face of the Petition does not set forth any

3    facts showing that Petitioner is entitled to relief under this provision.

4          **3.**   **Discovery of Factual Predicate**.

5          The AEDPA further provides that, in certain cases, its one-year limitations

6    period shall run from "the date on which the factual predicate of the claim or

7    claims presented could have been discovered through the exercise of due

8    diligence." 28 U.S.C. § 2244(d)(1)(D). The face of the Petition does not set

9    forth any facts showing that Petitioner is entitled to relief under this provision.

10                                                  **IV.**

11                                          **ORDER**

12          Based upon the foregoing, the Court finds that the face of the Petition

13    indicates that it is untimely. Accordingly, Petitioner is ordered to show cause

14    why the Petition should not be dismissed as untimely by filing a response within

15    thirty (30) days of the date of this Order. In the response to this Order to Show

16    Cause ("OSC"), Petitioner shall make clear the dates on which any state habeas

17    petition was filed and shall, if possible, attach copies of any state petition

18    (showing that it was filed) and copies of the state court's decision addressing

19    each petition. All facts relied upon by Petitioner must be proved by testimony

20    contained in a declaration signed under penalty of perjury pursuant to 28 U.S.C.

21    § 1746, or in properly authenticated documents. Petitioner must describe

22    specifically the nature and duration of any extraordinary circumstances and their

23    consequences in a declaration signed by him under penalty of perjury. Petitioner

24    shall also include with his response properly authenticated prison records or

25    documents which demonstrate any circumstance which Petitioner believes

26    impeded his ability to timely file the current Petition.

27    / / /

28    / / /

1        Failure to comply with these requirements may result in the dismissal of

2    this action for failure to prosecute and/or failure to comply with a court order.

3    Failure to remedy the deficiencies discussed may also result in a recommendation

4    that the action be dismissed.

5

6    **IT IS SO ORDERED.**

7

8    DATED: May _15_, 2008

9                                       HONORABLE OSWALD PARADA
                                   United States Magistrate Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28